1    MATTHEW J. ADLER (SBN 273147)
     matthew.adler@faegredrinker.com
2    FAEGRE DRINKER BIDDLE & REATH LLP
     Four Embarcadero Center, 27th Floor
3    San Francisco, California  94111
     Telephone:  +1 415 591 7500
4    Facsimile:   +1 415 591 7510

5    MICHAEL P. DALY*
     michael.daly@faegredrinker.com
6    ANTOINETTE M. SNODGRASS*
     antoinette.snodgrass@faegredrinker.com
7    FAEGRE DRINKER BIDDLE & REATH LLP
     One Logan Square, Suite 2000
8    Philadelphia, Pennsylvania  19103
     Telephone:  +1 215 988 2700
9    Facsimile:   +1 215 988 2757

10   Attorneys for Defendant
     BED BATH & BEYOND INC.
11   *admission *pro hac vice* to be sought

12                  UNITED STATES DISTRICT COURT

13                 SOUTHERN DISTRICT OF CALIFORNIA

14

15   ROBERT TURNIER, individually and        Case No. **'20 CV 0288 L    MSB**
16   on behalf of all others similarly situated,

17                    Plaintiff,            **DEFENDANT BED BATH &
                                            BEYOND INC.'S NOTICE OF
18          v.                              REMOVAL TO FEDERAL
                                            COURT**
19   BED BATH & BEYOND INC., a New          [San Diego Cty. Super. Ct., Case No.
20   York corporation,                      37-2020-00002499-CU-BT-CTL]

21                    Defendant.            Complaint Filed:  January 15, 2020

22

23

24

25

26

27

28

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BED BATH & BEYOND INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT                    CASE NO. _____

**NOTICE TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

Defendant Bed Bath & Beyond Inc., by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, hereby removes this action from the Superior Court of California, San Diego County, to the United States District Court for the Southern District of California. In support thereof, Defendant avers as follows.

**I.**

**JURISDICTIONAL STATEMENT**

1. The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (2005) grants federal courts diversity jurisdiction over putative class actions that have: (1) been commenced after February 18, 2005; (2) minimal diversity; (3) 100 or more class members; and (4) an aggregate amount in controversy in excess of $5,000,000. *See* 28 U.S.C. §§ 1332 note, 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(2). This action satisfies every applicable jurisdictional prerequisite.[1]

**A.    Commencement**

2. CAFA applies to actions that are commenced after its effective date, i.e., after February 18, 2005. *See* 28 U.S.C. § 1332 note.

3. Plaintiff Robert Turnier ("Plaintiff") commenced this action on January 15, 2020, by filing a Complaint in the Superior Court of California, San Diego County, under the caption *Robert Turnier v. Bed Bath & Beyond Inc.*, No. 37-2020-

---

[1]    Strictly speaking, CAFA's amount-in-controversy requirement is located in Section 1332, which applies to actions that are filed by plaintiffs, not in Section 1453, which applies to actions that are removed by defendants. Although normally an action is only removable if it could have been filed in federal court originally, Congress can "expressly provid[e]" otherwise. *See* 28 U.S.C. § 1441(a). Here, Section 1453(b) states that an action may be removed so long as it is a "class action." *See* 28 U.S.C. § 1453(b). Nothing in Section 1453(b) suggests that removed actions must satisfy Section 1332. *Cf.* 14B Charles A. Wright et al., Federal Practice & Procedure § 3724 (4th ed. 2009). Indeed, the plain language of Section 1453 suggests otherwise, as it incorporates Section 1332's definition of "class action" but not its various other requirements. *See* 28 U.S.C. § 1453(a). This is an academic point here, however, as Section 1332(d) is satisfied in any event. *See infra.*

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BED BATH & BEYOND INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT                - 2 -                CASE NO. _____

1  00002499-CU-BT-CTL.  *See* Compl. (attached as part of Exhibit A).

2      4.    Accordingly, this action was commenced after February 18, 2005.

3  **B.    Minimal Diversity**

4      5.    CAFA requires only minimal diversity, i.e., that "any member of a class

5  of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. §

6  1332(d)(2)(A); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020, 1021

7  (9th Cir. 2007) ("[U]under CAFA, complete diversity is not required; 'minimal

8  diversity' suffices.").

9      6.    Defendant is a citizen of New York because it was organized under the

10  laws of New York.  *See* Compl. ¶ 3 ("defendant … is a New York corporation").

11      7.    Defendant is also a citizen of New Jersey because its principal place of

12  business—i.e., its corporate headquarters—is located in Union, New Jersey.  *See*

13  *Hertz Corp. v. Friend, Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("[W]e

14  conclude that the phrase 'principal place of business' refers to the place where the

15  corporation's high level officers direct, control, and coordinate the corporation's

16  activities," which will "typically be found at a corporation's headquarters.").

17      8.    Plaintiff alleges that he is a resident of California.  *See* Compl. ¶ 2

18  ("Plaintiff . . . is an individual residing in San Diego County, California.").

19      9.    Plaintiff brings this putative class action on behalf of "[a]ll individuals

20  in California who . . . were enrolled . . . in the BEYOND+ membership program."

21  *Id.* ¶ 23.

22      10.    At least one of those people is surely domiciled in, and thus a citizen of,

23  California.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)

24  (discussing residence and domicile).

25      11.    Accordingly, there is at least minimal diversity between the defendant

26  (a citizen of New York and New Jersey) and the named and unnamed members of

27  the putative class (all residents of California).  *See* 28 U.S.C. § 1332(d)(2)(A).

28

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BED BATH & BEYOND INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT    - 3 -    CASE NO. _____

**C.**   **Numerosity**

12.   CAFA does not apply to class actions "in which . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

13.   Plaintiff defines the putative class as "[a]ll individuals in California who, within the applicable limitations period, were enrolled . . . in the BEYOND+ membership program." Compl. ¶ 23

14.   Plaintiff alleges that the putative class is "so numerous that joinder of all Class Members would be impracticable." *Id.* ¶ 26.

15.   In the four years before the filing of this action, substantially more than 100 persons enrolled in Defendant's BEYOND+ membership program and provided California addresses in connection with their enrollment.

16.   Accordingly, there are more than 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B).

**D.**   **Amount in Controversy**

17.   CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs…." 28 U.S.C. § 1332(d)(2).

18.   "[T]o determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

19.   Plaintiff has asserted four claims: (1) "Violation of the California Automatic Renewal Law," Bus. & Prof. Code § 17600 et seq.; (2) violation of California's Consumers Legal Remedies Act ("CLRA"), Civ. Code § 1750 et seq.; (3) violation of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 et seq.; and (4) unjust enrichment. *See* Compl. ¶¶ 30–52. Plaintiff has also requested attorneys' fees and costs. *Id.*, Prayer for Relief ¶¶ 4, 8–9.

20.   Plaintiff seeks an award of restitution in connection with his first cause of action under the Automatic Renewal Law, *id.*, Prayer for Relief ¶ 1, his third cause

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BED BATH & BEYOND INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT

- 4 -

CASE NO. _____

of action under the UCL, *id.*, Prayer for Relief ¶ 5, and his fourth cause of action for unjust enrichment. *Id.*, Prayer for Relief ¶ 7.

21. Specifically, Plaintiff claims that he and every member of the putative class "are entitled to restitution of all amounts that Defendants charged . . . for BEYOND+ membership during the four years preceding the filing of this Complaint and continuing until Defendants' statutory violations cease." *Id.* ¶ 33; *see also, e.g.*, *id.* ¶ 48 (seeking restitution of "all amounts paid to Defendants for BEYOND+ membership in the four years preceding the filing of this Complaint and continuing until Defendants' acts of unfair competition cease."); *id.* ¶ 51 (claiming that "Defendants have received money from Plaintiff and Class members in connection with Defendants' conduct in violation of California law. . . . Defendants should be ordered to restore said funds to Plaintiff and the Class members.").

22. Since the BEYOND+ membership program first began, the annual membership fee has been at least $29. *See, e.g.*, Compl. ¶¶ 11–12.

23. In the four years before the filing of this action, BEYOND+ members with California addresses paid more than $5,000,000 in annual membership fees.[2] Thus, the aggregate value of Plaintiff's request for restitution exceeds $5,000,000.

24. This amount in controversy would also increase to the extent Plaintiff is able to recover restitution for alleged monetary harm occurring after the date of filing this Notice of Removal. *See id.* ¶ 33 (claiming Plaintiff and putative class members "are entitled to restitution of all amounts . . . charged to [their] credit cards, debit cards, or third-party payment accounts for BEYOND+ membership during the four years preceding the filing of this Complaint *and continuing until Defendants' statutory violations cease*.") (emphasis added); *id.* ¶ 48 (same); *see also, e.g.*, *Lao v.*

---

[2]   Defendant disputes that Plaintiff or anyone else could recover the fee for the initial term of the BEYOND+ membership (as opposed to the fee for a renewal term). Defendant reserves the right to argue that any claim for restitution would necessarily be limited to fees for renewal terms. For present purposes, however, all membership fees are in controversy. *See supra.*

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BED BATH & BEYOND INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT

- 5 -

CASE NO. _____

*Wickes Furniture Co.*, 455 F. Supp. 2d 1045, 1050 (C.D. Cal. 2006) (including "future damages" in amount in controversy because class period continued from date of filing to date of certification).

25.     Plaintiff also seek an award of attorneys' fees and costs, including for the alleged violation of the California's CLRA.  Compl., Prayer for Relief ¶¶ 4, 8–9. Awards of attorneys' fees and costs may be included in the amount in controversy. *See, e.g.*, *Guglielmo v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").  A fee award in a certified class action can often amount to twenty-five percent (25%) of a class' recovery, which could increase the amount in controversy by 25% or, put another way, to 125% of the class' claimed recovery.  *See, e.g.*, *Jasso v. Money Mart Exp., Inc.*, No. 11-5500, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012) (stating that fee award of 25% of class recovery was "not unreasonable").

26.     Plaintiff also seeks injunctive relief, the costs of which could be substantial.  *See* Compl. ¶ 34 (seeking "an injunction enjoining Defendants from making membership program offers and/or posting charges to a credit card, debit card, or third party payment account without first complying with California law" and reserving the right to seek "other prohibitory or mandatory aspects of injunctive relief . . . ."); *id.* ¶ 40 (seeking "an injunction prohibiting Defendants from continuing their unlawful practices in violation of the [CLRA] . . . ."); *id.* ¶ 49 (seeking "an injunction enjoining Defendants from committing acts of unfair competition . . . .").

27.     Although Defendant denies that it has any liability to Plaintiff or anyone else, and denies that the putative class could be properly certified for class treatment, the aggregate amount that has been placed "in controversy" by the Complaint—i.e., the aggregate value of all damages and fees sought and the costs of complying with all equitable relief sought—exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6) ("In

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BED BATH & BEYOND INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT

- 6 -

CASE NO. _____

any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

28.    Because this is a putative class action that was commenced after February 18, 2005 in which there is minimal diversity, more than 100 putative class members, and more than $5,000,000 in the aggregate in controversy, this Court has original subject matter jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A).

29.    Because this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1332, it is removable pursuant to 28 U.S.C. § 1441(a).

## II.

## PROCEDURAL STATEMENT

### A.    Timeliness

30.    Pursuant to 28 U.S.C. 1446(b) and Federal Rule of Civil Procedure 6, this Notice of Removal has been timely filed within thirty (30) days of service because Plaintiff purported to serve the Complaint on Defendant on January 17, 2020.

### B.    Defendants

31.    Pursuant to 28 U.S.C. § 1453(b), a putative class action may be removed "without regard to whether any defendant is a citizen of the State in which the action is brought."  Even so, Defendant is not a citizen of California.

### C.    Consent

32.    Pursuant to 28 U.S.C. § 1453(b), it is not necessary to obtain the consent of all Defendants in order to remove a putative class action.  Nevertheless, consent is not relevant here because there is only one named Defendant.

### D.    Venue

33.    Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Southern District of California is proper because this District embraces the Superior Court of California, San Diego County, where this action is now pending.  *See* 28 U.S.C. § 84(a).

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BED BATH & BEYOND INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT

- 7 -

CASE NO. _____

**E.    Attachments**

34.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint and all other process, pleadings and orders that Plaintiff purportedly served on Defendant as of the date of this Notice of Removal are attached collectively as Exhibit A.

**F.    Evidence**

35.    Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of the jurisdictional facts and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) ("A statement 'short and plain' need not contain evidentiary submissions.").

**G.    Notices**

36.    Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal in the Superior Court of California, San Diego County and give written notice of the removal of this action to counsel for Plaintiff.

**H.    Defenses**

37.    By removing this action to this Court, Defendant does not concede that it has any liability, let alone liability of greater than $5,000,000, to the members of the putative class. *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold"). Rather, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases); *see also, e.g.*, *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover.") (emphasis in original) (quotations omitted); *Heejin Lim v. Helio, LLC*,

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BED BATH & BEYOND INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT

- 8 -

CASE NO. _____

No. 11-9183, 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012) ("Defendants effectively would be required to concede liability were the Court to require a stronger showing . . . ."); *Bryan v. Wal-Mart Stores, Inc.*, No. 08-5221, 2009 WL 440485, at *3 (N.D. Cal. Feb. 23, 2009) (same); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008) (finding that defendant need not "research, state, and prove the plaintiff's claims" in order to remove action) (quotations omitted); *Helm v. Alderwoods Grp., Inc.*, No. 08-1184, 2008 WL 2002511, at *5 (N.D. Cal. May 7, 2008) ("[D]efendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of … violations did indeed occur."); *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (focus is on what is "in controversy," not what defendant "would owe"); *Muniz v. Pilot Travel Ctrs. LLC*, No. 07-0325, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007) (defendant need not "prove the plaintiff's claims for damages" and assuming 100% violation rate when calculating amount in controversy).

38.    By removing this action to this Court, Defendant does not waive any defenses, objections or motions available to them under state or federal law. Defendant expressly reserves the right to move for judgment in favor of Defendant pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure, and to strike or oppose the certification of a class pursuant to Federal Rule of Civil Procedure 23.

///
///
///
///
///
///
///
///

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BED BATH & BEYOND INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT        - 9 -        CASE NO. _____

1    **WHEREFORE**, Defendant respectfully removes this action from the

2    Superior Court of California, San Diego County, to this Court pursuant to 28 U.S.C.

3    §§ 1332, 1441, 1446 and 1453.

4

5    Dated:  February 14, 2020                        FAEGRE DRINKER BIDDLE &

6                                                                    REATH LLP

7

8                                                       By: /s/ Matthew J. Adler

9                                                               Michael P. Daly*
                                                                Matthew J. Adler
                                                                Antoinette M. Snodgrass*

10                                                      Attorneys for Defendant

11                                                     BED BATH & BEYOND INC.
                                                       *admission *pro hac vice* to be sought

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAEGRE DRINKER
BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT BED BATH & BEYOND INC.'S
NOTICE OF REMOVAL TO FEDERAL COURT

- 10 -

CASE NO. _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE BY MAIL**

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is Four Embarcadero Center, 27th Floor, San Francisco, California  94111.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On February 14, 2020, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT BED BATH & BEYOND INC.'S NOTICE OF
REMOVAL TO FEDERAL COURT**

in a sealed envelope, postage fully paid, addressed as follows:

James T. Hannink, Esq.
Zach P. Dostart, Esq.
Dostart Hannink & Coveney LLP
4180 La Jolla Village Drive, Ste. 530
La Jolla, CA  92037
Telephone:  (858) 623-4200
Facsimile:  (858) 623-4299
*Attorneys for Plaintiff Robert Turnier*

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 14, 2020, at San Francisco, California.

*Gloria Cadena*
_____
Gloria M. Cadena

ACTIVE.121994913.01