UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ROBERT TURNIER,

Plaintiff,

v.

BED BATH & BEYOND INC.,

Defendant.

Case No.: 3:20-cv-00288-L-MSB

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. NO. 7] WITH LEAVE TO AMEND.**

Pending before the Court in this consumer class action is Defendant's motion to dismiss. The Court decides the matter without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, Defendant's motion is **GRANTED WITH LEAVE TO AMEND**.

## I. BACKGROUND

Plaintiff filed this action in state court. (*See* Doc. No. 1). Defendant removed it to federal court. *Id*.; *see* 28 U.S.C. section 1453. The Court has subject matter jurisdiction under 28 U.S.C. section 1332.

Defendant is a New York corporation that markets and sells household merchandise. (Doc. No. 1-2, Complaint ("Compl.") ¶¶ 1 and 3). It sells merchandise in its stores and online. (*Id*. at ¶ 10). For 29 dollars a year, customers can enroll in *Beyond* +, which offers them a 20 percent discount on all purchases and free shipping. (*Id*. at ¶ 16). *Beyond* + automatically renews. (*Id*. at ¶¶ 10-17).

In August 2018, Plaintiff purchased an item from Defendant on its website. (*Id*. at ¶ 10). Although there is no allegation Plaintiff enrolled in *Beyond* + then, he was charged for it in August 2019. (*Id*. at ¶¶ 11-12). Plaintiff contends Defendant did not properly disclose that *Beyond* + would automatically renew each year.

## II. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Plaintiff alleges four state law claims against Defendant. They all relate to Defendant's purported failure to adequately disclose *Beyond* +'s automatic renewal term. Defendant moves to dismiss all the claims. The Court will analyze each one separately.

**First Claim: California's Automatic Renewal Law ("ARL")**

Defendant argues the first claim is subject to dismissal because there is no private cause of action under ARL. (*See* Doc. No. 7, Motion to Dismiss ("MTD") at 6). Plaintiff, in the opposition, contends the first claim is brought under California's False Advertising Law ("FAL"), not ARL. (*See* Doc. No. 9, Opposition ("Oppo") at 7). However, the Complaint appears to show the first claim is brought under ARL itself. (*Compare* Compl. at 11 *with* 13). The Court therefore **DISMISSES** the first claim. *See Mayron v. Google LLC*, 54 Cal. App. 5th 566, 573-74 (2020) (there is no private right of action under ARL). The Court **GRANTS** Plaintiff leave to allege a claim under FAL for the purported ARL violation.

**Second Claim: California's Consumer Legal Remedies Act ("CLRA")**

Defendant argues there are insufficient factual allegations to support this claim. (*See* MTD at 7). In general, CLRA prohibits businesses from engaging in certain unlawful acts or practices, which are set forth as subsections under California Civil Code section 1770. Plaintiff contends Defendant violated five subsections. (Compl. ¶ 39).

First, Plaintiff contends Defendant violated subsection (a)(5), which prohibits a business from "representing that goods or services have . . . characteristics . . . that they do not have." Cal. Civ. Code § 1770(a)(5). Here, the characteristic at issue appears to be *Beyond* +'s automatic renewal. (*See generally* Compl.) Yet, Plaintiff does not allege Defendant made a representation to him that *Beyond* + did not automatically renew. *Id*.

Nevertheless, if Defendant failed to disclose to Plaintiff that *Beyond* + would automatically renew, that might itself rise to a violation under subsection (a)(5). *See, e.g., Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018). However, there is no allegation that Defendant failed to disclose the automatic renewal term to Plaintiff prior to finalizing the agreement. (*See* Compl.) Plaintiff fails to allege a plausible claim under subsection (a)(5).

Second, Plaintiff contends Defendant violated subsection (a)(9), which prohibits a business from "advertising goods or services with intent not to sell them as advertised." Cal. Civ. Code § 1770(a)(9). There are no factual allegations to support a claim under this subsection. *Beyond* + costs 29 dollars a year. (Compl. ¶ 16). The customers receive 20 percent off all purchases and free standard shipping. *Id*. Plaintiff does not allege *Beyond* + did not cost that amount or the benefits were not as advertised. *Id*. Plaintiff fails to allege a plausible claim under subsection (a)(9).

Third, Plaintiff contends Defendant violated subsection (a)(13), which prohibits a business from "making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(13). Plaintiff does not allege Defendant reduced or discounted *Beyond* +'s price—which is the product

or service at issue in this case. (*See* Compl.) It costs 29 dollars a year. (*Id*. at ¶ 16). Plaintiff fails to allege a plausible claim under subsection (a)(13).[1]

Fourth, Plaintiff contends Defendant violated subsection (a)(14), which prohibits a business from "representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law." Cal. Civ. Code § 1770(a)(14). It is unclear what factual allegations Plaintiff relies on to support a claim under this subsection. There is nothing to suggest Defendant represented to Plaintiff that it had a right related to *Beyond* +. (*See* Compl.) Plaintiff fails to allege a plausible claim under subsection (a)(14).

Lastly, Plaintiff contends Defendant violated subsection (a)(17), which prohibits a business from "representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is *contingent* on an event to occur *subsequent* to the consummation of the transaction." Cal. Civ. Code § 1770(a)(17) (emphasis added). Plaintiff does not allege Defendant represented to him that he would receive some discount or other benefit. (*See* Compl.) To the extent Plaintiff relies on the discounts associated with *Beyond* + itself (20 percent discount off all purchases), he was able to access that benefit at the same time he purchased *Beyond* +. (*See* Compl.) He does not allege he had to purchase (through the automatic renewal) another year to enjoy the benefits during the year he paid for it. *Id*. Plaintiff fails to allege a plausible claim under subsection (a)(17).

Overall, Plaintiff fails to state a CLRA claim. The Court therefore **DISMISSES** the second claim. In the amended complaint, if any, Plaintiff should set forth the specific factual allegations that support each CLRA subsection he relies on.

---

[1] Plaintiff appears to rely on the 20 percent discount on purchases to support a claim under this subsection. (*See* Oppo at 9). However, the discount itself is what Plaintiff paid for. Regardless, the reason for the discount is clear: the customer agrees to pay 29 dollars a year. (*See* Compl.)

**Third Claim: California's Unfair Competition Law ("UCL")**

Plaintiff asserts a claim under UCL related to Defendant's purported failure to comply with ARL. (*See* Compl.) Defendant raises four arguments as to why the Court should dismiss the claim. (*See* MTD).

***1. Whether ARL Applies to Beyond +***

First, Defendant argues ARL does not apply to *Beyond* + because it is not a "subscription," which is what the statutory requirements apply to. (MTD at 9-10).

ARL does not define the term "subscription." *See* Cal. Bus. & Prof. Code §§ 17601 and 17602. There is also no published California opinion interpreting that term under the statute. The Court must therefore "determine what meaning the state's highest court would give to the law." *Bass v. Cty. of Butte*, 458 F.3d 978, 981 (9th Cir. 2006). To do that, it must apply California's "rules of statutory interpretation." *Id*.

Under California law, the "fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose." *Coal. of Concerned Cmtys., Inc. v. City of L.A.*, 34 Cal. 4th 733, 737 (2004); *see Torres v. Parkhouse Tire Serv., Inc.*, 26 Cal. 4th 995, 1003 (2001). The plain meaning of the term normally controls. *Coal. of Concerned Cmtys., Inc.*, 34 Cal. 4th at 737. But, if there is "more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." *Id*.

Defendant, relying on *Webster's Third New International Dictionary*, contends "subscription" is defined as the prepayment of publications for a fixed period. (MTD at 9). The term, however, is broader than that.[2] "Subscription" is also defined as "an arrangement for providing, receiving, or making use of something of a continuing or periodic nature on a prepayment plan." (Oppo at 10) (citing *Merriam-Webster*).

---

[2] The Legislature might use broad terms to expand the protection under a particular statute. *Pineda v. Williams-Sonoma Stores, Inc.*, 51 Cal. 4th 524, 533 (2011).

Defendant argues the Court should not rely on the second definition because it is from an abridged (*i.e.*, shortened) dictionary and it was not in use in 2009, when the Legislature drafted ARL. (Doc. No. 11, Reply at 5). But there is nothing to suggest a definition contained in an abridged dictionary is somehow inaccurate. And it was in use at that time. *See In re Establishment of Eureka Reporter*, 165 Cal. App. 4th 891, 897 (2008) ("another definition of 'subscription' is an 'arrangement for providing, receiving, or making use of something of a continuing or periodic nature on a prepayment plan.'"); *and see Gaetani v. Goss-Golden W. Sheet Metal Profit Sharing Plan*, 84 Cal. App. 4th 1118, 1127 (2000) (it is "generally presumed the Legislature is aware of appellate court decisions.")

Based on the allegations, *Beyond* + plausibly fits within the term "subscription." Plaintiff prepaid 29 dollars to Defendant. (Compl. ¶¶ 10-12). In return, he received the right to a discount on all purchases and free standard shipping for a year (*i.e.*, he prepaid for something and received it throughout a definite period). (*Id*. at ¶ 16).

The above construction effectuates ARL's purpose.[3] The Legislature's intent was to protect consumers from mistakenly or unknowingly entering into automatic renewal agreements. *See* Cal. Bus. & Prof. Code § 17600 (it is the Legislature's intent to prevent "the practice of ongoing charging of consumer credit or debit cards . . . without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service."); (*see also* Compl. Ex. 1 and 2). Although the Legislature relied on investigations into magazine subscriptions when drafting the statute, there is nothing to suggest it intended to limit the protections under ARL to magazine or periodical

[3] "When statutory language is ambiguous, the court must adopt the interpretation that best effectuates the legislative intent or purpose." *Gutierrez v. Carmax Auto Superstores Cal.*, 19 Cal. App. 5th 1234, 1250 (2018)

subscriptions. (*See* Compl. Ex. 1 and 2).[4] The allegations in this case demonstrate that the use of automatic renewal terms is not unique to magazine subscriptions. The statute also broadly defines "consumer" as an individual "who seeks or acquires . . . any goods, services, money, or credit." Cal. Bus. & Prof. Code § 17601.

***2. Whether Plaintiff Sufficiently Alleges Defendant Violated ARL***

Next, Defendant argues it satisfied the ARL requirements. (MTD at 12). Under the law, a business must present certain terms related to the automatic renewal in a "clear and conspicuous" manner. Cal. Bus. & Prof. Code § 17602(a)(1).[5] The terms must be in "visual proximity . . . to the request for consent." *Id*.

Defendant primarily relies on purported disclosures contained in a terms and conditions agreement related to *Beyond* +. (*See* MTD at 12). Specifically, it argues the required terms were accessible through a hyperlink that was a few centimeters from the request for consent. (MTD at 12-13). But the terms themselves—not the access point to them—need to be in visual proximity to the request. Cal. Bus. & Prof. Code § 17602.[6] The required terms do not appear on the webpage that contains the request for consent. (*See* Compl. ¶ 17 (screenshots of the website)). Defendant argues it is common to use a hyperlink to terms and conditions, and that practice is sufficient to form a valid contract. (MTD at 13). That might be true. However, it does not change what is required under ARL (the disclosure of terms in a specific manner and location).

---

[4] The Court *sua sponte* takes judicial notice of ARL's legislative history cited in the briefs and attached to the Complaint. *See* Fed. R. Evid. 201; *Chaker v. Crogan*, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005).

[5] The terms include: (1) that the subscription or purchasing agreement will continue until the consumer cancels; (2) the description of the cancellation policy that applies to the offer; (3) the recurring charges that will be charged to the consumer's credit or debit card; and (4) the length of the automatic renewal term or that the service is continuous. Cal. Bus. & Prof. Code § 17601.

[6] Notably, the practice that led to ARL was the inclusion of autorenewal terms in fine print. (*See* Compl. ¶ 6). The use of a hyperlink to the terms presents a similar practice.

Given the terms appear nowhere near the request for consent, Plaintiff has plausibly alleged Defendant did not comply with section 17602(a)(1). However, there are insufficient factual allegations to show Defendant did not comply with section 17602(a)(2) or 17602(a)(3) (related to obtaining the customer's affirmative consent and providing an acknowledgement that contains the cancellation policy). (*See* Compl.)

***3. Whether Plaintiff Sufficiently Alleges Causation***

Defendant also argues Plaintiff fails to allege the ARL violation caused his injury. (MTD at 14-15). Causation is an element of a UCL claim. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015); Cal. Bus. & Prof. Code § 17204; *Mayron*, 54 Cal. App. 5th at 574.

Here, the Complaint does not contain sufficient factual allegations to plausibly show causation. In fact, there are no factual allegations about Plaintiff's enrollment in *Beyond +*. (*See* Compl. ¶ 10). Plaintiff only alleges in August 2018 he purchased an item from Defendant. *Id*. A year later, Defendant charged him 29 dollars. (*Id*. at ¶¶ 11-12). If Plaintiff did not knowingly enroll in *Beyond +*, the Court cannot reasonably infer that the required disclosures would have altered the outcome. Plaintiff also does not allege he encountered the specific webpages from the Complaint. (*See* Compl. ¶¶ 10-12).

***4. Plaintiff's Request for Equitable Relief***

Lastly, Defendant argues Plaintiff fails to allege an entitlement to equitable relief. (MTD at 16-17). Plaintiff seeks restitution of all amounts paid for *Beyond +*. (Compl. ¶ 48). There are insufficient allegations about *Beyond +*'s value (or lack thereof). The allegations tend to show it has some value: the right to a 20 percent discount on all purchases and free standard shipping for an entire year. (*Id*. at ¶¶ 10-13, 16). Plaintiff also does not discuss whether he utilized *Beyond +*. *Id*. Overall, Plaintiff fails to allege a plausible entitlement to the relief sought. *See Chowning v. Kohl's Dep't Stores, Inc.*, 733 F. App'x 404, 406 (9th Cir. 2018).

Defendant also argues there are insufficient facts to support an injunction. (*See* MTD at 16; Reply at 8). Plaintiff did not respond to that argument. (*See* Oppo at 13-14).

The Court construes that as a waiver. Regardless, the Complaint contains insufficient allegations to support that request. (*See* Compl. ¶ 49).

For all the reasons above, the Court **DISMISSES** the UCL claim. *See also Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (a plaintiff "must establish that [they] lack an adequate remedy at law before securing equitable restitution for past harm under the UCL.")

**Fourth Claim: Unjust Enrichment**

Plaintiff alleges an unjust enrichment claim against Defendant. (*See* Compl. ¶¶ 50-52). However, under California law, there is no "standalone cause of action for 'unjust enrichment.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). And it appears there was an express contract related to the conduct at issue. (Compl. ¶¶ 16-17) (indicating customers were required to accept terms and conditions prior to enrolling in *Beyond* +). The claim is therefore subject to dismissal. *See Mosier v. Stonefield Josephson, Inc.*, 815 F.3d 1161, 1172 (9th Cir. 2016) ("as a matter of law, a quasi-contract action for unjust enrichment does not lie where, as here, express binding agreements exist and define the parties' rights.") (internal quotation marks and citation omitted); *see also United States ex rel. Westinghouse Elec. Supply Co. v. Ahearn*, 231 F.2d 353, 356 (9th Cir. 1955) ("the terms of the express contract control. There cannot be an implied contract either in law or in fact contrary in terms to a controlling express contract.") The Court **DISMISSES** the fourth claim.

///

///

///

///

///

///

///

///

**Judicial Notice**

Defendant requests judicial notice of terms and conditions that purportedly relate to *Beyond +*. (*See* Doc. No. 7-2). The Court's ruling does not rely on that document. Therefore, the request is **DENIED**.

**Leave to Amend**

Plaintiff might cure the above deficiencies if given leave to amend. The Court therefore **GRANTS** his request for leave. *See* Fed. R. Civ. P. 15; *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff must comply with Civil Local Rule 15.1(c).

**IV. CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**. Plaintiff has until **February 22, 2021** to file an amended complaint. If he files that, Defendant shall file a response to it within the time set forth under Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

Dated: February 5, 2021

Hon. M. James Lorenz
United States District Judge