UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

ROBERT TURNIER, et al.,
Plaintiffs,
v.
BED BATH & BEYOND INC.,
Defendant.

Case No.: 3:20-cv-00288-L-MSB

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [ECF 22] WITH LEAVE TO AMEND.**

Pending before the Court in this putative class action is Defendant's motion to dismiss. Plaintiffs opposed, and Defendant replied. The Court decides the matter without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** Defendant's motion **WITH LEAVE TO AMEND**.

**I. BACKGROUND**

Plaintiffs filed this action in state court. (*See* Doc. No. 1). Defendant removed it here. *Id*.; *see* 28 U.S.C. section 1453. The Court has subject matter jurisdiction under 28 U.S.C. section 1332.

Defendant is a New York corporation that markets and sells household merchandise. (Doc. No. 18, First Amended Complaint ("FAC.") ¶ 4). It sells merchandise in its stores and online. (*Id*. at ¶ 11). For 29 dollars a year, customers can enroll in *Beyond* + (also referred to as "the membership"), which offers them a 20 percent discount on all

purchases and "free" shipping. (*Id*. at ¶ 13). *Beyond* + automatically renews each year. (*Id*. at ¶¶ 11-17).

On August 11, 2018, Plaintiff Robert Turnier purchased an item from Defendant on its website and enrolled in *Beyond* +. (*Id*. at ¶ 15). The enrollment cost was $31.25 (the $29 fee plus taxes). (*Id*. at ¶ 16). Turnier was charged that amount again in 2019 and 2020. (*Id*. at ¶ 17).

On August 12, 2019, Plaintiff Beatrice Moran purchased an item from Defendant. (*Id*. at ¶ 19). Defendant did not disclose it enrolled Moran in *Beyond* +. *Id*. On August 10, 2020, Defendant charged Moran $31.97. (*Id*. at ¶ 20).

Plaintiffs allege Defendant failed to disclose information on *Beyond* +'s autorenewal terms as required under California's Automatic Renewal Law ("ARL") (Cal. Bus. & Prof. Code § 17600).

## II. LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (internal quotation marks and citation omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Court must accept as true all factual allegations in the complaint and draw reasonable inferences from those allegations in the light most favorable to the plaintiff. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). The Court must also "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Defendant argues Plaintiffs failed to state a plausible claim under California's Consumers Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), or False Advertising Law ("FAL").[1]

***Consumers Legal Remedies Act***

CLRA prohibits businesses from engaging in certain unlawful acts or practices. Cal. Civ. Code § 1770. It applies to transactions for "goods" or "services." *Id*. Defendant argues the membership is neither. (ECF 22).

"Goods" means tangible chattels bought or leased for personal, family, or household purposes, including certificates or coupons exchangeable for those chattels. Cal. Civ. Code § 1761. "Services" means work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods. *Id*.

Plaintiffs argue the membership is a "coupon," and therefore a "good" under CLRA. (ECF 23). But, as alleged, the membership (and its 20 percent discount) is not *exchanged* for tangible items. *See* Cal. Civ. Code § 1761. Instead, it provides members with a set discount on all purchases. (*See* FAC).

Plaintiffs also argue the membership is a "service" because members receive "free" standard shipping for all purchases. (ECF 23). The Court agrees that shipping might be considered a service. Even so, as alleged, that service is not provided under the membership. (*See* FAC). Instead, it eliminates the cost to members. *Iqbal*, 556 U.S. at 679 (courts must draw on their "common sense" when determining whether a claim is plausible). For these reasons, the Court dismisses the CLRA claim.

---

[1] Defendant also argues the UCL claim was dismissed with prejudice. (ECF 22). But the Court granted Plaintiff Turnier leave to amend the complaint, including that claim. (*See* ECF 17 at 9-10).

***Unfair Competition Law and False Advertising Law***

The available remedies under UCL and FAL include injunctive relief and restitution. *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 135 (2009). Plaintiffs request a full refund from Defendant. (FAC at ¶¶ 35 and 50).[2] Defendant argues Plaintiffs failed to allege a plausible entitlement to that relief. (ECF 22); *Iqbal*, 556 U.S. at 677-678; *Twombly*, 550 U.S. at 555.

"The difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution." *In re Vioxx Class Cases*, 180 Cal. App. at 131; *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2015) ("restitution is the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received.") (internal quotation marks and citation omitted); *Dunkin v. Boskey*, 82 Cal. App. 4th 171, 198 (2000) ("a party seeking restitution must generally return any benefit that it has received.") (internal quotations marks and citation omitted).[3]

Here, the Court cannot infer from the factual allegations that Plaintiffs lacked access to the membership's benefits or knowledge about their re-enrollment. (*See* FAC). And the membership at renewal had some value (access to discounts on all purchases and "free" shipments). *Id*.[4] Plaintiffs also do not argue the ARL violations altered the value of the renewed memberships. (*See* FAC); *Pulaski & Middleman, LLC*, 802 F.3d at 989 ("restitution is based on what a purchaser would have paid at the time of purchase had the purchaser received all the information.") Overall, the factual allegations fail to support a plausible claim for restitution.[5] For that reason, the Court dismisses the UCL and FAL

---

[2] Plaintiffs do not seek injunctive relief in this action. (*See* FAC).

[3] If a good or service had zero value, a plaintiff might be entitled to a full refund. *In re Tobacco Case II*, 240 Cal. App. 4th 779, 795 (2015). That is the same measurement as the one in *In re Vioxx* (amount paid minus value received).

[4] The renewal charge was the same amount Plaintiff Turnier paid for his initial membership. (*See* FAC). The benefits were also identical. *Id*.

[5] Plaintiffs are not required at this stage to set forth a precise amount.

claims. Plaintiffs need to set forth a plausible claim for restitution supported with factual allegations. *Iqbal*, 556 U.S. at 677-78.

**Judicial Notice**

Defendant requests judicial notice of terms and conditions that purportedly relate to the *Beyond* + enrollment. (*See* ECF 22). The Court's ruling does not rely on that document. Therefore, the request is **DENIED**.

**Leave to Amend**

Plaintiffs might cure the above deficiencies if given leave to amend. The Court therefore **GRANTS** their request. *See* Fed. R. Civ. P. 15; *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiffs have leave to amend their allegations to support the CLRA, UCL, and FAL claims.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss **WITH LEAVE TO AMEND**. Plaintiffs have until **October 1, 2021,** to file an amended complaint. Defendant shall have the time set forth under Federal Rule of Civil Procedure 15(a)(3) to file a response.[6]

**IT IS SO ORDERED.**

Dated: September 15, 2021

Hon. M. James Lorenz
United States District Judge

---

[6] Defendant cited factual assertions in its motion that are not contained in the FAC. (*See* ECF 22 at 8 and 12). The Court did not consider those when ruling on Defendant's motion. Defendant should exclude that in subsequent motions.